## John Johnston and Margaret Johnston, his Wife, Appellants, *v.* Youghiogheny River Coal Co., a Corporation.

*Negligence—Master and servant—Coal mine.*

In an action by parents against a coal company to recover damages for the death of their son, aged eighteen years, employed by defendant, a compulsory nonsuit is properly entered where it appears that the deceased while boarding an empty coal car in violation of defendant's orders, was killed by striking his head against an electric trolley wire strung six feet above the track, and there is no evidence to show that the company was negligent in the construction or operation of the trolley wire and the cars.

Argued Oct. 20, 1897.    Appeal, No. 151, Oct. T., 1897, by plaintiffs, from order of C. P. Westmoreland Co., Nov. T., 1896, No. 167, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's son. Before McCONNELL, J.

At the trial it appeared that on March 19, 1896, Alexander Johnston, plaintiffs' son, aged eighteen years, was killed in defendant's coal mine, where he was employed as a miner. The testimony showed that at the time of the accident the deceased boarded an empty coal car to enter the mine, and struck his

head against an electric trolley wire strung six feet two inches above the track. Johnston was instantly killed by contact with the live wire. There was no evidence of any negligence on the part of the defendant in constructing or operating the trolley line or the cars. The empty cars in the defendant's mine were propelled at a rate exceeding six miles per hour. A rule of the mine forbade miners to ride in empty cars when the speed of the cars exceeded six miles per hour.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Paul H. Gaither*, with him *J. R. Spiegal, M. N. McGeary* and *Cyrus E. Woods*, for appellants.—The company did not provide safe appliances: Vanesse v. Coal Co., 159 Pa. 403; Hoffman v. Clough, 124 Pa. 505; Mullan v. Steamship Co., 78 Pa. 25; N. Y., L. E. & W. R. R. v. Bell, 112 Pa. 400; Lewis v. Seifert, 116 Pa. 628; Payne v. Reese, 100 Pa. 301; Rummel v. Dilworth, 131 Pa. 509; Ross v. Walker, 139 Pa. 42; Stapleton v. Traction Co., 5 Pa. Superior Ct. 253; Weaver v. Iselin, 161 Pa. 386; McAdam v. Cent. Ry. & Electric Co. (Sup. Ct. Conn.), 35 Atl. Repr. 381.

*Edward E. Robbins*, with him *John E. Kunkle, John O. Petty* and *Kennedy T. Friend*, for appellee.—In erecting the electric system the defendant was not guilty of negligence. The fact of injury does not prove negligence: Tunney v. Carnegie, 146 Pa. 618; P. & R. R. v. Hughes, 119 Pa. 301; Erie & Wyoming Valley R. R. v. Smith, 125 Pa. 259.

In an action by an employee against an employer the gist of the action is negligence, and the burden of proof rests on the plaintiff: Pittston Coal Co. v. McNulty, 120 Pa. 414; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Ford v. Anderson, 139 Pa. 261; Titus v. Bradford, etc., R. R., 136 Pa. 618; Moules v. Canal Co., 141 Pa. 632.

The servant assumes the risks naturally and reasonably incident to his employment: Green & Coates St. Pass. Ry. v. Bresmer, 97 Pa. 103; Sykes v. Packer, 99 Pa. 465; Pittsburg & Connellsville R. R. Co. v. Sentmeyer, 92 Pa. 276; Diehl v. Le-

high Iron Co , 140 Pa. 487; Devine v. Reading Iron Wks., 109 Pa. 246; Shaffers v. General Nav. Co., L. R. 10 Q. B. D. 356; Osborne v. Jackson, L. R. 11 Q. B. D. 619; Cashman v. Chase, 156 Mass. 342; Reese v. Biddle, 112 Pa. 72.

PER CURIAM, January 3, 1898:

The only question presented by this record is whether the court below erred in "denying plaintiff's motion to take off the judgment of compulsory nonsuit."

Our examination of the testimony has led us to the conclusion that the sudden and much to be lamented death of plaintiff's son was accidental, and—so far as the evidence tends to show—not the result of any negligence on the part of the defendant company. The right to recover depended, not upon the dangerous character of the machinery or appliances used by the company in the prosecution of its business, but whether, in the construction or operation of the same, it was guilty of any negligence which was the proximate cause of the young man's death. We find nothing in the testimony that would have justified the court in submitting any such question as that to the jury, and hence there was no error in refusing to take off the nonsuit.

Judgment affirmed.